UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BYRON L. PETERS, | Case No. C21-955RSM |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| RICHARD A. PETERS, | |
| Defendant. | |

*Pro se* Plaintiff Byron L. Peters has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #4. The Complaint was posted on the docket on July 20, 2021. Dkt. #5. Summons has not yet been issued.

Plaintiff, a Washington State resident, brings this action against his brother Richard A. Peters, also a Washington State resident. *Id.* at 2; *see also* Dkt. #5-1 at 2 n.1. The Complaint indicates federal question jurisdiction based on citations to 18 U.S.C. § 153, embezzlement against estate, and a citation to 18 U.S.C. 152, Fraudulent Concealment of assets. Dkt. #5 at 2–3. Diversity jurisdiction is clearly not available as the parties both reside in Washington State.

These federal statutes are criminal in nature and deal with actions occurring in a bankruptcy proceeding. Plaintiff has not established that he has a private cause of action to proceed under these statutes, or that this case involves a bankruptcy. Rather, it appears from the Complaint that Plaintiff's claims are based on actions Defendant took in state court related

ORDER TO SHOW CAUSE - 1

to the handling of his father's estate. *See id.* at 5 ("On or about January of 2019 Richard provided Fraudulent Documents to me and to the Kent Municipal Court judge who gave the Defendant an additional 45 days to close out Estate of late Father Richard Allen Peters Sr. who passed away in 2011 without a Will…"). A review of the Complaint indicates no further basis to bring a federal claim, that his claims of improper conduct in state court are best addressed through that court, and indicates that many of Plaintiff's claims may be barred by applicable statutes of limitations.

Federal Rule of Civil Procedure 12(h)(3) provides that the Court must dismiss an action if it determines, at any time, that it lacks subject matter jurisdiction. This issue can be raised *sua sponte*. Furthermore, the Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Considering all of the above, the Court believes it lacks subject matter jurisdiction. Plaintiff's Complaint suffers from deficiencies that, if not adequately explained in response to this Order, will require dismissal. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

In Response to this Order, Plaintiff must write a short and plain statement telling the Court (1) how he could amend his Complaint, consistent with the facts already pled, to create subject matter jurisdiction, and (2) why this case should not be dismissed as frivolous. **This Response may not exceed six double-spaced (6) pages**. Plaintiff is not permitted to file additional pages as attachments. The Court will take no further action in this case until Plaintiff has submitted this Response.

Accordingly, the Court hereby finds and ORDERS that Plaintiff shall file a Response to this Order to Show Cause containing the detail above **no later than thirty (30) days from the**

ORDER TO SHOW CAUSE - 2

**date of this Order**.  Failure to file this Response will result in dismissal of this case.  The Clerk shall send a copy of this Order to Plaintiff at 1902 2ND AVE #722, SEATTLE, WA 98101-1145.

DATED this 21st day of July, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER TO SHOW CAUSE - 3