UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BYRON L. PETERS, | Case No. C21-955RSM |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| RICHARD A. PETERS, | |
| Defendant. | |

This matter comes before the Court *sua sponte*. *Pro se* Plaintiff Byron L. Peters has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #4. The Complaint was posted on the docket on July 20, 2021. Dkt. #5. Summons has not yet been issued.

The typed Complaint lists Plaintiff's address as 1902 2nd Ave #722. Dkt. #4. The civil cover sheet lists Plaintiff's address as 1902 2nd Ave #326. Dkt. #1-7.

On July 21, 2021, the Court issued an Order to Show Cause asking Plaintiff to "write a short and plain statement telling the Court (1) how he could amend his Complaint, consistent with the facts already pled, to create subject matter jurisdiction, and (2) why this case should not be dismissed as frivolous." Dkt. #10. The Order states that a response is due "no later than thirty (30) days from the date of this Order" and is dated July 21, 2021. *Id*.

The Court mailed this Order to Plaintiff's address as listed in the typed Complaint and received it back as undeliverable. Dkt. #12. On August 2, 2021, the Court mailed it to the address found on the civil cover sheet.

On August 26, 2021, the Court received two filings from Plaintiff in response to the Court's Order to Show Cause. Instead of filing a statement answering the Court's questions,

ORDER OF DISMISSAL - 1

Plaintiff has filed motions for extension of time to respond and for over-length briefing. Dkts. #14 and #15. These Motions contain no factual or legal basis for either request. Plaintiff does not mention any issue with the mail.

Motions seeking approval to file an over-length motion or brief are disfavored. LCR 7(f). A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline. Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise. LCR 7(j). The Court requires a party seeking over-length briefing or relief from a deadline to set forth a reason or reasons why the Court should grant such relief. Plaintiff has failed to set forth any reasons. He has filed a motion for relief from a deadline after the deadline. Accordingly, these Motions will be denied.

The Court finds that Plaintiff has failed to file a timely response to the Court's Order to Show Cause. Any delay caused by undeliverable mail is attributable to Plaintiff.

Plaintiff, a Washington State resident, brings this action against his brother Richard A. Peters, also a Washington State resident. *Id.* at 2; *see also* Dkt. #5-1 at 2 n.1. The Complaint indicates federal question jurisdiction based on citations to 18 U.S.C. § 153, embezzlement against estate, and a citation to 18 U.S.C. 152, Fraudulent Concealment of assets. Dkt. #5 at 2–3. Diversity jurisdiction is clearly not available as the parties both reside in Washington State.

These federal statutes are criminal in nature and deal with actions occurring in a bankruptcy proceeding. Plaintiff has not established that he has a private cause of action to proceed under these statutes, or that this case involves a bankruptcy. Rather, it appears from the Complaint that Plaintiff's claims are based on actions Defendant took in state court related to the handling of his father's estate. *See id.* at 5 ("On or about January of 2019 Richard

ORDER OF DISMISSAL - 2

provided Fraudulent Documents to me and to the Kent Municipal Court judge who gave the Defendant an additional 45 days to close out Estate of late Father Richard Allen Peters Sr. who passed away in 2011 without a Will…). A review of the Complaint indicates no further basis to bring a federal claim, that his claims of improper conduct in state court are best addressed through that court, and indicates that many of Plaintiff's claims are barred by applicable statutes of limitations.

Federal Rule of Civil Procedure 12(h)(3) provides that the Court must dismiss an action if it determines, at any time, that it lacks subject matter jurisdiction. This issue can be raised *sua sponte*. Furthermore, the Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Considering all of the above, the Court finds that it lacks subject matter jurisdiction and that the claims as brought are frivolous. Dismissal is warranted under Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B).

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1) Plaintiff's Motions, Dkts. #14 and #15, are DENIED.

2) Plaintiff's claims are DISMISSED and this case is CLOSED. The Clerk shall send a copy of this Order to Plaintiff at 1902 2ND AVE #326, SEATTLE, WA 98101-1145.

DATED this 27th day of August, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 3